IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-01095

**ANNETTE KASPER,**

  Plaintiff,

v.

**TARGET CORPORATION, a/k/a TARGET STORE 1976**

  Defendant.

---

**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND**

---

Defendant Target Corporation, ("Defendant"), by and through its attorneys of record,

Montgomery | Amatuzio, for its Answer, states as follows:

**RESPONSE TO PARTIES**

1.  Upon information and belief, Defendant admits the allegations set forth in paragraph 1 of

    Plaintiff's Complaint.

2.  Defendant Target admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

**RESPONSE TO JURISDICTION AND VENUE**

3.  Defendant Target incorporates by reference its response to the preceding paragraphs of

    Plaintiff's Complaint as set forth fully herein.

4.  As to the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendant Target

    admits only that this Court is a court with jurisdiction over this matter, but not the only

court. Defendant denies all remaining allegations set forth in paragraph 4 of Plaintiff's Complaint, including those relating to any conduct or liability on the part of Defendant.

5. As to the allegations contained in paragraph 5 of Plaintiff's Complaint, Defendant Target admits only that this court is a proper venue, but not the only proper venue. Defendant Target denies all remaining allegations contained in paragraph 4, including those relating to any conduct or liability on the part of Defendant.

**RESPONSE TO GENERAL ALLEGATIONS**

6. Defendant Target incorporates by reference its response to the preceding paragraphs of Plaintiff's Complaint as set forth fully herein.

7. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint and, accordingly, denies the same.

8. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint and, accordingly, denies the same.

9. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint and, accordingly, denies the same.

10. Defendant Target admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant Target denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint contain assertions of law, not fact, and therefore do not require an answer of this Defendant. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint and, accordingly, denies the same.

13. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint and, accordingly, denies the same.

14. Defendant Target denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant Target denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant Target denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 17 of Plaintiff's Complaint and, accordingly, denies the same.

18. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint and, accordingly, denies the same.

## RESPONSE TO PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Premises Liability)

19. Defendant Target incorporates by reference its response to the preceding paragraphs of Plaintiff's Complaint as set forth fully herein.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint contain assertions of law, not fact, and therefore do not require an answer of this Defendant. To the extent an

answer is required, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint and, accordingly, denies the same.

21. Defendant Target admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. As to the allegations set forth in paragraph 22 of Plaintiff's Complaint, Defendant admits only that it owed those duties prescribed by Colorado law. Defendant denies all remaining allegations set forth in paragraph 22 of Plaintiff's Complaint, including those relating to any conduct or liability on the part of Defendant.

23. The allegations contained in paragraph 23 of Plaintiff's Complaint contain assertions of law, not fact, and therefore do not require an answer of this Defendant. To the extent an answer is required, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 23 of Plaintiff's Complaint and, accordingly, denies the same.

24. Defendant Target denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant Target denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 26 of Plaintiff's Complaint and, accordingly, denies the same.

27. Defendant Target is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in paragraph 27 of Plaintiff's Complaint and, accordingly, denies the same.

4

## RESPONSE TO PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Common Law Negligence)

28. Defendant Target incorporates by reference its response to the preceding paragraphs of Plaintiff's Complaint as set forth fully herein.

29. As to the allegations set forth in paragraph 29 of Plaintiff's Complaint, Defendant admits only that it owed those duties prescribed by Colorado law. Defendant denies all remaining allegations set forth in paragraph 29 of Plaintiff's Complaint, including those relating to any conduct or liability on the part of Defendant.

30. Defendant Target denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant Target denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant Target is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of Plaintiff's Complaint and, accordingly, denies the same.

## RESPONSE TO JURY DEMAND

33. Defendant Target admits that Plaintiff demands a trial by jury and similarly demands a trial by jury for Defendant Target. Defendant denies all remaining allegations set forth in paragraph 33 of Plaintiff's Complaint, including those relating to any conduct or liability on the part of Defendant.

## GENERAL DENIAL

Defendant Target Corporation respectfully denies all allegations not expressly admitted herein, including Plaintiff's WHEREFORE paragraph, allegations of damages, and prayers for relief.

## AFFIRMATIVE DEFENSES

1. Upon information and belief, Plaintiff has failed to take reasonable steps under the circumstances to minimize, avoid, or mitigate whatever damages, if any, he may have sustained.

2. Plaintiff's recovery herein, if any, should be reduced pro tanto by the amount by which Plaintiff has been or will be wholly or partially indemnified or compensated by another person or entity pursuant to C.R.S. § 13-21-111.6.

3. To the extent Plaintiff seeks recovery for any non-economic damages, any such recovery is limited by the provisions set forth in C.R.S. § 13-21-102.5.

4. Plaintiff's claimed injuries or damages, if any, were proximately caused by the sole or comparative negligence of the Plaintiff, which negligence reduces or bars Plaintiff's recovery pursuant to C.R.S. § 13-21-111.

5. Any liability or fault assessed against Defendant must be reduced pursuant to the pro rata liability provisions of C.R.S. § 13-21-111.5.

6. Plaintiff's claims are barred or limited to the extent that he failed to join indispensable parties.

7. Plaintiff's alleged damages, if any, may be proximately caused by the acts of third parties for which Defendant is not responsible or liable.

8. Plaintiff's alleged damages, if any, may be proximately caused by the contributory or comparative negligence of the Plaintiff or other parties and/or non-parties over whom Target Corporation had no control, no right to control, and/or no liability and, therefore,

Plaintiff is barred from recovery against Target Corporation and/or such recovery should be proportionately reduced. C.R.S. § 13-21-111; C.R.S. § 13-21-111.5.

9. Plaintiff's alleged damages, if any, are the result of intervening and/or superseding causes.

10. Plaintiff is not entitled to recover any amounts that he has been paid by collateral sources pursuant to C.R.S. § 13-21-111.6, and Target Corporation is entitled to setoff for any amount so paid.

11. Plaintiff's alleged damages, if any, may have been caused or partially caused by non-parties at fault. Defendant reserves the right to designate one or more persons or entities as non-parties at fault after a reasonable time for investigation and discovery has passed.

12. Defendant reserves the right and request leave of the court to add, delete, or amend its affirmative defenses in this case as investigation and discovery is completed.

**DEFENDANT TARGET CORPORATION DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Target Corporation respectfully prays that the Complaint against it be dismissed with prejudice and the relief requested herein denied for judgment for costs against Plaintiff, and for such other and further relief as the Court may deem just and proper.

7

Filed on March 24, 2026.

MONTGOMERY | AMATUZIO

By: *s/ Sarah K. Vogel*
     Lori K. Bell
     Sarah K. Vogel

Attorneys for Defendant Target
Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2026, a true and correct copy of the foregoing **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was served on all represented parties, through their counsel of record, using ECF or email, and on all pro se parties by email or by United States mail.

*s/ Carmen Salgado*
Carmen Salgado, Legal Assistant